UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JULIUS RAY ANGLERO,

Plaintiff,

v.

UNIFORMED FIREFIGHTER ASSOCIATION OF THE CITY OF NEW YORK, et al.,

Defendants.

Case No.: 3:26-cv-437-CAB-GC

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

Pending before the Court is Plaintiff Julius Ray Anglero's civil complaint against nearly forty Defendants. [Doc. No. 1 ("Complaint") at 7–14.] Because the Complaint fails to comply with Federal Rule of Civil Procedure 8, the Court **DISMISSES** the Complaint without prejudice.

Courts may dismiss a claim sua sponte for failure to comply with Federal Rule of Civil Procedure 8(a) ("Rule 8"). *Prime Neurology, Inc. v. Alina Telehealth*, No. 2:22-CV-01738-MCS-AS, 2022 WL 2189638, at *1 (C.D. Cal. Mar. 18, 2022). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader

is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). While Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 at 678 (citation omitted) (quoting *Twombly*, 550 U.S. at 555, 557). Moreover, a complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (citing cases upholding dismissals for these reasons).

Here, despite being over 100 pages, the Complaint and associated attachments are largely unintelligible and lack even the basic details required for the Court to determine what claims Plaintiff alleges, against whom, and for what events. For example, Plaintiff's "Statement of Facts" vaguely but repeatedly alleges that the attached exhibits "will show the following several laws acts, and procedures w[]ere ignored, broken, or disregarded" but no exhibit provides these details. [*See, e.g.*, Doc. No. 1-2 at 13.] Plaintiff also alleges that laws ranging from the Dodd-Frank Act to the Americans with Disability Act have been broken. [*Id.* at 15.] Plainly, the Court cannot decipher what Plaintiff alleges happened, which laws were broken, and by whom, or determine whether the Court has jurisdiction over any alleged claims.

The Court therefore **DISMISSES** the Complaint **WITHOUT PREJUDICE** and grants leave for Plaintiff to file a First Amended Complaint by <u>**September 30, 2026**</u>. Any First Amended Complaint must be complete in and of itself and may be subject to sua sponte screening by the Court for compliance with Rule 8, including an adequate statement of the claim and the grounds for this Court's jurisdiction. <u>If a First Amended Complaint is</u>

not filed by **September 30, 2026**, the Clerk of the Court shall close the case without further order of the Court.

Finally, the Court notes that the Complaint repeatedly references a habeas petition filed with the Southern District of California, which was dismissed because Plaintiff failed to pay the filing fee and because there was no evidence that Plaintiff was in custody. *See Anglero v. Government Authorities of U.S.A., et al.*, Case No. 3:25-cv-3807-AJB-JSC. Plaintiff should make any requests for relief relevant to that case via a motion filed in that case, not this one.

It is **SO ORDERED**.

Dated: September 3, 2026

Hon. Cathy Ann Bencivengo
United States District Judge